IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**CLYDE GILBERT TATE,**

    **Plaintiff,**

v.                                                        No. CIV 97-0380 JP/JHG

**JOE WILLIAMS, Warden,**
**TERRY DUKE, Administrator,**
**JOHN DODD, Sergeant,**
**CHRISTINE MONTANO VALLEJOS, Director of Classification,**
**DOCTOR DHILLON, Director of Medical,**
**TRAN-COR, Prisoner Transportation Service, and**
**CORRECTIONAL MEDICAL SYSTEMS,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Appointment of Counsel, (Doc. No. 73), filed April 9, 1999, and the Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. No. 79), filed May 28, 1999, which recommends granting the Motion for Summary Judgment, (Doc. No. 64), filed February 4, 1999, by Defendants Williams, Duke, Dodd, Montano Vallejos, Dhillon, and Correctional Medical Systems. Although Plaintiff did not timely file objections to the Magistrate Judge's Proposed Findings and Recommended Disposition, the Court has made a *de novo* determination of those portions of the Magistrate Judge's Proposed Findings and Recommended Disposition to which Plaintiff objected and finds them without merit. The Court further finds the Proposed Findings and Recommended Disposition, as specifically modified and supplemented below, should be adopted. The Court also finds that Plaintiff's

Motion for Appointment of Counsel should be denied.

## The Court's Supplemental Findings

In "Plaintiff's Objections to the Honorable Joe H. Galvan, United States Magistrate Judge's Proposed Findings and His Recommended Disposition, Pursuant to 28 United States Code § 636(b)(1),"(Doc. No. 81) ("Plaintiff's Objections"), filed June 22, 1999, Plaintiff appears to object to the Magistrate Judge's finding that Plaintiff "failed to allege the delay in replacing his dentures and glasses led to further injury." *See* Magistrate Judge's Proposed Findings and Recommended Disposition at 9; Plaintiff's Objections at 3-4. Although this Court finds the objections without merit and concurs in the granting of summary judgment in favor of all Defendants except Tran-Cor, who did not join in the motion, the Court makes the following supplemental findings regarding Plaintiff's claim for deliberate indifference to known medical need based on a delay in replacing Plaintiff's dentures and eye glasses.

In Plaintiff's "Motion for Leave to Reconstruct Civil Rights Suit and his Second Amended Complaint," ("Second Amended Complaint"), he alleges that on either March 21, 1997, or on March 22, 1997, his prescription eye glasses broke when he was sprayed in the face with pepper spray and his eye glasses were knocked off. (Second Amended Complaint at ¶ 33.) He also alleges that his "tented [sic] reading glasses was also lost" about the same time. (*Id*. at ¶ 34.) Without either pair of eye glasses, he is almost blind. *Id*. Regarding his dentures, Plaintiff alleged that there was a delay in obtaining new dentures, which made eating difficult. (Second Amended Complaint at ¶ 38.)

In the Magistrate Judge's Proposed Findings and Recommended Disposition, the Magistrate Judge concluded that Plaintiff had "failed to allege the delay in replacing his dentures

and glasses led to further injury," (Proposed Findings and Recommended Disposition at 9), which dictated his conclusion that Plaintiff's claim should be dismissed for failure to state a claim. In Plaintiff's Objections, he states that "to protect his eyes and to stop further damage to them [he] had to have his Eye Doctor, make his prescription glasses . . . . Furthermore the Plaintiff had to have an eye operation on his right eye . . . because of the negligent and carelessness indifferent of the Eye Surgeon's orders . . . ." (Plaintiff's Objections at 4.) Plaintiff also contends that the delay in obtaining new dentures caused him to lose weight. (Plaintiff's Objections at 3.)

To state a claim for deliberate indifference to a known medical need based on delay in providing medical treatment, Plaintiff must allege that the delay caused further injury. *See Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993) (Denying inmate's § 1983 action for alleged denial of adequate medical care and stating, "delay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference which results in substantial harm.") (quoting *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir.1993)); *Shapley v. Nevada Bd. of State Prison Com'rs*, 766 F.2d 404, 407 (9th Cir.1985) (to state a claim of deliberate medical indifference, plaintiff must allege that the delay in medical treatment was harmful). Although Plaintiff alleges that he was nearly blind without his glasses, he does not allege that the delay in obtaining eye glasses caused him to require eye surgery; the eye surgery Plaintiff referred to was apparently for cataracts and unrelated to the delay in receiving new glasses. (Letter from Plaintiff to Chief Clerk of the Court, Docket No. 61.) Nor does Plaintiff allege that he suffered any other kind of substantial harm because of the delay in receiving new glasses. While Plaintiff also asserts that the delay in receiving new dentures caused him to lose weight, he did not allege that the loss in weight caused serious harm, and the Court does not find that merely losing weight

constitutes serious harm. Therefore, the Magistrate Judge properly concluded that Plaintiff's claim for deliberate indifference to known medical need based on a delay in receiving dentures and eye glasses should be dismissed for failure to state a claim. *See Alley v. State of Kansas*, No. 95-3010-MLB, 1997 WL 695590, at * 5 (D.Kan. Oct. 15, 1997) ("While the court can understand plaintiff's concerns with these delays [in receiving dentures and glasses], they do not state an actionable claim since plaintiff has failed to show deliberate indifference to serious medical needs or substantial harm due to the delay in obtaining new glasses or dentures."). *Cf. Koehl v. Dalsheim*, 85 F.3d 86, 88 (2d Cir. 1996) (holding that the district court erred in dismissing plaintiff prisoner's Eight Amendment claim for deliberate indifference to known medical need when plaintiff alleged that officers confiscated his prescription glasses, which he needed "to avoid double vision and the loss of depth perception," and that without the glasses he fell and walked into objects, causing injury; court also stated that the confiscation of eye glasses and denial of medical treatment caused headaches and made Plaintiff's left eye almost sightless)

Even if Plaintiff had stated a claim for which relief could be granted regarding his claim of deliberate indifference based on the delay in obtaining dentures and eye glasses, this claim should be dismissed because Plaintiff has failed to submit evidence creating a genuine issue of material fact. On a motion for summary judgment under FED. R. CIV. P. 56, the movant "bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of genuine issue of a material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (citing FED. R. CIV. P. 56(c)). Only then does the burden shift to the non-movant to come forward with evidence

showing that there is a genuine issue of material fact. *See Bacchus Indus. Inc. v. Arvin Indus. Inc.*, 939 F.2d 887, 891 (10th Cir. 1991). The non-moving party may not avoid summary judgment by resting upon the mere allegations or denials of his or her pleadings. *Id*.

Here, Defendants met their burden of informing the district court of the basis of their motion and identifying the evidence that demonstrates an absence of any genuine issue of material fact. Plaintiff, however, has failed to meet his burden of submitting evidence to the Court showing that there is a genuine issue of material fact regarding his Eighth Amendment claim of deliberate indifference to a known medical need based on the delay in obtaining dentures and eye glasses. *See Williams v. Burns*, No. CV 97-0009, 1999 WL 109967 (9th Cir. March 3, 1999) (affirming grant of summary judgment for defendants when plaintiff alleged that defendants "were deliberately indifferent to his medical needs because he did not receive a pair of glasses until he was in prison over a year" on the ground that plaintiff "has failed to offer any evidence that his eyes became worse due to the delay in receiving glasses."). *Cf. Penrod v. Zavaras*, 94 F.3d 1399, 1406 (10th Cir. 1996) (finding that "[p]laintiff has raised a genuine issue of material fact in regard to whether prison officials' alleged denial of [toothpaste and razors] caused plaintiff serious harm" when plaintiff had alleged that the denial "caused his gums to bleed and recede and tooth decay that eventually had to be treated by a dentist.").

Therefore, the Defendants' Motion for Summary Judgment will be granted,[1] and Plaintiff's claims for civil rights violations brought under 42 U.S.C. § 1983 against Defendants

---

[1] Because the Court is not making any supplemental findings regarding Plaintiff's claim for deliberate indifference to a known medical need regarding Plaintiff's heart condition, there is no discussion of that claim here, and the Court adopts the Magistrate Judge's Proposed Findings and Recommended Disposition in its entirety regarding this claim.

Williams, Duke, Dodd, Montano Vallejos, Dhillon, and Correctional Medical Systems should be dismissed with prejudice.

### Remand for Consideration of Defendant Tran-Cor of America's Motions for Default Judgment and Plaintiff's State Law Claims against All Defendants

In the Magistrate Judge's Proposed Findings and Recommended Disposition, the Magistrate Judge concluded that Plaintiff's state law claims should be dismissed without prejudice because all of the federal claims over which this Court had original jurisdiction should be dismissed. However, in Plaintiff's Second Amended Complaint, Plaintiff appears to allege both federal and state claims against Defendant Tran-Cor of America. (Second Amended Compl. at p. 9.) Because Defendant Tran-Cor did not join in the other Defendants' Motion for Summary Judgment, and has never even entered an appearance in this case, the federal claims against Defendant Tran-Cor have not been dismissed and this Court still has original jurisdiction over these claims. Dismissal of Plaintiff's state law claims under 28 U.S.C. § 1367(c)(3) on the ground that this Court no longer has original jurisdiction over any claims would therefore be premature at this time.

This case should be remanded to the Magistrate Judge for consideration of a recommendation regarding Plaintiff's two pending motions for default judgment against Defendant Tran-Cor, which Plaintiff filed on June 17, 1998, (Doc. No. 51), and on July 19, 1999, (Doc. No. 83). If it becomes necessary, the Magistrate Judge should then consider a recommendation regarding Plaintiff's pending state law claims against the other Defendants.

**Plaintiff's Third Motion for Appointment of Counsel**

On April 9, 1999, Plaintiff filed his third Motion for Appointment of Counsel, (Doc. No. 73). The Court has denied Plaintiff's two previous motions for appointment of counsel,[2] and the Court finds that Plaintiff's third Motion for Appointment of Counsel should also be denied.

---

[2] On August 19, 1997, the Court denied Plaintiff's first Motion for Appointment of Counsel, which had been filed on July 9, 1997. (Memorandum Opinion and Order, Doc. No.16.) On July 9, 1998, this Court denied Plaintiff's second Motion for Appointment of Counsel, which had been filed on December 9, 1997. (Order, Doc. No. 54)

**IT IS THEREFORE ORDERED** that:

1.) the Proposed Findings and Recommended Disposition of the United States Magistrate Judge is adopted by this Court as follows; the motion for summary judgment (Doc. No. 64) filed February 4, 1999, by Defendants Williams, Duke, Dodd, Montano Vallejos, Dhillon, and Correctional Medical Systems should be **GRANTED** in part in that Plaintiff's Eighth Amendment claims against Defendants Williams, Duke, Dodd, Montano Vallejos, Dhillon, and Correctional Medical Systems should be **DISMISSED** with prejudice; and

2.) Plaintiff's Motion for Appointment of Counsel (Doc. No. 73) is **DENIED.**

_____
**UNITED STATES DISTRICT JUDGE**