IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CLYDE GILBERT TATE,

      Plaintiff,

v.　　　　　　　　　　　　　　　　　　　No. CIV 97-0380 JP/JHG

JOE WILLIAMS, Warden,
TERRY DUKE, Administrator,
JOHN DODD, Sergeant,
CHRISTINE MONTANO VALLEJOS,
Director of Classification, DOCTOR
DHILLON, Director of Medical,
TRAN-COR, Prisoner Transportation
Service, CORRECTIONAL MEDICAL SYSTEMS.

      Defendants.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before the Court on Judge James A. Parker's Order of Partial Remand. Judge Parker remanded, in part, for consideration of a recommendation regarding Plaintiff's two pending motions for default judgment against Defendant Tran-Cor, which Plaintiff filed on June 17, 1998, (Doc. No. 51), and on July 19, 1999, (Doc. No. 83), and for consideration of Plaintiff's pending state law claims against Defendants.

The record indicates that Tran-Cor was properly served with process but has failed to plead or otherwise defend. Accordingly, the Court will direct the Clerk to enter the default of Defendant Tran-Cor. Upon entry of Default by the Clerk, the Court will set a hearing on Plaintiff's motions for default judgment with notice to Defendant Tran-Cor.

Plaintiff's remaining claims against Defendants are state law claims brought under this Court's supplemental jurisdiction. 28 U.S.C. § 1367. The Court has dismissed all claims over

which it had original jurisdiction and finds, in its discretion, it should decline to exercise supplemental jurisdiction over these remaining claims. 28 U.S.C. § 1367(c)(3). Plaintiff's state law claims, which are contained in Counts 5 and 6, are therefore dismissed without prejudice.

## RECOMMENDED DISPOSITION

Pursuant to Fed.R.Civ.P.55(a), the Clerk should be directed to enter the default of Defendant Tran-Cor. Upon entry of default by the Clerk, notice of hearing on Plaintiff's motion for default judgment should be issued to Defendant Tran-Cor. Plaintiff's state law claims as to all other Defendants should be dismissed without prejudice.

**JOE H. GALVAN**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE

Within ten days after a party is served with a copy of these proposed findings and recommended disposition that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.