IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CLYDE GILBERT TATE,

      Plaintiff,

v.                                        No. CIV 97-0380 JP/JHG

JOE WILLIAMS, Warden,
TERRY DUKE, Administrator,
JOHN DODD, Sergeant,
CHRISTINE MONTANO VALLEJOS,
Director of Classification, DOCTOR
DHILLON, Director of Medical,
TRAN-COR, Prisoner Transportation
Service, CORRECTIONAL MEDICAL SYSTEMS.

      Defendants.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

This matter is before the Court on Defendant TransCor's Motion to Set Aside Clerk's Entry of Default and Motion to Dismiss for Insufficiency of Process, filed November 24, 1999. Defendant TransCor claims Plaintiff never properly served it in this case and moves the Court to set aside the clerk's entry of default and to dismiss Plaintiff's Second Amended Complaint for failure to serve the complaint within 120 days after filing it as required by Fed.R.Civ.P.4(m). Defendant also moves the Court to dismiss Plaintiff's complaint pursuant to Fed.R.Civ.P.12(b)(5).

Rule 4(m) of the Federal Rules of Civil Procedure requires that a plaintiff serve a defendant with a copy of the summons and complaint within 120 days after filing the complaint. If the plaintiff fails to do so and does not show good cause for that failure, in its discretion, the district court may dismiss the action without prejudice as to that defendant, or direct that service be effected within a

specified time. Fed.R.Civ.P.4(m). Rule 12(b)(5) allows Defendant TransCor to defend against Plaintiff's claim for insufficiency of service of process.

In this case, Plaintiff has failed to produce any evidence to show TransCor was properly served. The record reflects that on January 27, 1997, pursuant to the Court's order, an Alias Summons was issued upon Defendant TransCor, directing the United States Marshal's Service to personally serve the summons on the company legal department or a head of the company. On March 6, 1998, the process receipt and return from the United States Marshal's Service indicated Kevin G. Townsel was served on February 18, 1998. Mr. Townsel submitted an affidavit attesting to the fact that he is not an officer, director, managing agent or registered agent of Defendant TransCor and was not authorized to receive service of process. Townsel Aff. Ex. A. at 1. In his affidavit, Mr. Townsel also denies ever receiving service of process in this matter. *Id*. at 2. There is no signature on the process receipt and return indicating receipt of the Alias Summons and Amended Complaint by any agent of Defendant TransCor.

On June 17, 1998, Plaintiff filed a Motion for Default Judgment seeking default judgment against Defendant TransCor. Defendant TransCor did not respond. It now claims it did not receive this motion. On July 19, 1999, Plaintiff filed a Second Motion for Default Judgment. Again, Defendant TransCor did not respond and also claims it never received the second motion. On September, 27, 1999, the Court filed its Proposed Findings and Recommended Disposition, recommending the Clerk enter the default of Defendant TransCor. On October 6, 1999, the Honorable James A. Parker entered an Order directing the Clerk to enter the default of Defendant TransCor. On October 12, 1999, the Court sent Notice of Hearing on Plaintiff's Second Motion for Default Judgment to Defendant TransCor. The Court also telephonically contacted Mr. Townsel,

Director of Administration for TransCor, to advise him of the November 30, 1999 hearing on Plaintiff's Second Motion for Default Judgment. At that time, Mr. Townsel informed the Court he was not aware of any pending action against Defendant TransCor. On November 24, 1999, the Court vacated the hearing. On the same day, Defendant TransCor filed its Motion to Set Aside Clerk's Entry of Default and Motion to Dismiss for Insufficiency of Process.

In his response to Defendant TransCor's motion, Plaintiff fails to present any evidence to counter Defendant TransCor's contentions. Plaintiff, who is *pro se*, claims Defendant Joe Williams provided him with the address to serve Defendant TransCor the first time. Plaintiff also claims he relied on a friend for Defendant TransCor's address when he attempted to serve Defendant TransCor the second time. He contends he "acted in good faith" when he relied on the United States Marshal's Service to properly effect service on Defendant TransCor and thus the Court should deny Defendant TransCor's motion to dismiss.

In construing the "good cause" provision of Rule 4(m), the Court of Appeals for the Tenth Circuit concluded that the provision should be read narrowly to protect only those plaintiffs who have been "meticulous in their efforts to comply with the Rule." *Despain v. Salt Lake Area Metro*, 13 F.3d 1436, 1438 (10th Cir. 1994)(citing *In re City of Philadelphia Litig.*, 123 F.R.D. 512, 514 n.2 (E.D.Pa. 1988)). In *Despain*, the Court of Appeals held that plaintiff had failed to demonstrate good cause to excuse his failure to serve defendants even though he could show actual notice to defendants, that defendants would not be prejudiced, and that the statute of limitations had run. In this case, Plaintiff has not demonstrated good cause to excuse his failure to serve Defendant TransCor. And, although Plaintiff is proceeding *pro se*, a *pro se* litigant is still subject to the same rules of procedure that govern other litigants. *DiCesare v. Stuart*, 12 F.3d 973, 979 (10th Cir. 1993).

3

Accordingly, the Court finds that Plaintiff never effected service on Defendant TransCor and recommends that Defendant TransCor's motion to set aside clerk's entry of default be granted. In addition, the Court recommends dismissal of Plaintiff's Complaint without prejudice pursuant to Fed.R.Civ.P.12(b)(5).

## RECOMMENDED DISPOSITION

Defendant TransCor's Motion to Set Aside Clerk's Entry of Default should be granted. Pursuant to Fed.R.Civ.P.12(b)(5), Defendant TransCor's Motion to Dismiss for Insufficiency of Process should be granted. Plaintiff's Complaint should be dismissed without prejudice.

**JOE H. GALVAN**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE

Within ten days after a party is served with a copy of these proposed findings and recommended disposition that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.